**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KIRK HORSHAW, # M-21693,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-248-JPG** |
| | ) | |
| **LT. MAYO, SGT. CASPER, AND MICHAEL ATCHISON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Horshaw, currently incarcerated at Stateville Correctional Center ("Stateville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, based on incidents that occurred while Horshaw was incarcerated at Menard Correctional Center ("Menard"). Horshaw claims that Defendants Mayo, Casper, and Atchison failed to protect him from an inmate attack, despite prior knowledge that an assault on Horshaw was likely. (Doc. 1, pp. 4-5).

The complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Having conducted an initial review of the complaint, the Court has determined that Horshaw has stated a colorable action under the Eighth Amendment as to each Defendant and his case shall be referred for further review.

**The Complaint**

Horshaw asserts that in October 2012 he communicated to Defendants Mayo, Casper, and Atchison that his safety and well-being had been threatened and were in jeopardy. (Doc. 1, p. 4). Horshaw maintains that despite Defendants' knowledge that there was a substantial risk that Horshaw would be assaulted by fellow inmates, each of the Defendants failed to take actions to protect Horshaw. (*Id*.)   In late October 2012, Horshaw was attacked by multiple inmates and struck on the head with a dumbbell weight while in the recreation yard. (*Id*. at 5).  As a result, Horshaw was hospitalized and in a coma for two months.  Horshaw claims that he sustained severe injuries to his head and jaw, some which resulted in permanent disfigurement and caused him severe loss of memory, motor skills, and daily functions. (*Id*. at 6).  In addition to his physical injuries, Horshaw alleges that he suffers ongoing psychological pain and suffering. Horshaw seeks money damages against each of the Defendants.

**Analysis**

After carefully considering the allegations, the Court finds that the complaint sets forth a claim for failure to protect under the Eighth Amendment against Defendants Mayo, Casper, and Atchison.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety.  *Farmer,* 511 U.S. at 834.  In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with

"deliberate indifference" to that danger.  *Id.; Pinkston*, 440 F.3d at 889.  A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety.  *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).  In other words, defendants had to know that there was a substantial risk that those who attacked plaintiff would do so, yet failed to take any action.  *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001).  However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

In the instant case, Horshaw has plead facts sufficient, at this stage of the process, to state a claim against each of the three named Defendants for failure to protect him from a known, specific threat of assault after he relayed the threat and requested protection.  Horshaw shall be allowed to proceed with his Eighth Amendment failure to protect claim against Defendants Mayo, Casper, and Atchison.

**Pending Motion**

Horshaw's motion for leave to proceed *in forma pauperis* (Doc. 3) is **PENDING** and shall be addressed by the Court in a separate order.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's claim for damages against Defendants **MAYO**, **CASPER**, and **ATCHISON** shall proceed.

The Clerk of Court shall prepare for Defendants **MAYO**, **CASPER**, and **ATCHISON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as

identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to*

*such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 12, 2014**

*s/J. Phil Gilbert*
United States District Judge