IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KIRK HORSHAW,                          )
                                       )
              Plaintiff,               )
                                       )
vs.                                    )   Case No. 14-CV-248-NJR-DGW
                                       )
LT. MAYO, SGT CASPER, MICHAEL          )
ATCHISON, MORGAN TEAS, and             )
EDDIE RUMPH,                           )
                                       )
              Defendants.              )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 67), which recommends denial of the Motion for Summary Judgment (Doc. 55) filed by Defendants Mayo, Rumph, Casper, Teas and Atchison on February 6, 2015.

Plaintiff Kirk Horshaw, an inmate in the Illinois Department of Corrections, filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983; he alleges a failure to protect claim against all Defendants. Specifically, Plaintiff alleges that he communicated to Defendants Mayo, Casper, and Atchison that he had been threatened by another inmate, but each of the defendants failed to take actions to protect Plaintiff. Then, on October 5, 2012, Plaintiff was attacked and beaten by other inmates in the Menard yard and was struck on the head with a dumbbell weight or similar object and stomped in the face. At that time, Defendant Teas and Rumph were assigned to the yard and allegedly

failed to protect Plaintiff or stop the attack.

Defendants have moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as to all defendants. Plaintiff filed his response in opposition to the motion for summary judgment on February 18, 2015 (Doc. 57). On April 21, 2015, as required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendants' motion. On September 2, 2015, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 367). Objections to the Report and Recommendation were due on or before September 21, 2015. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs and exhibits submitted by the parties, as well as Magistrate Judge Wilkerson's Report and Recommendation. Following this

review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson and adopts the Report and Recommendation in its entirety.

At the hearing, Magistrate Judge Wilkerson found Plaintiff credible when Plaintiff testified that he had limited memory of the events surrounding his attack, and that he prepared and filed the grievance dated April 30, 2013 as soon as possible. It is not the Court's business at this juncture to second-guess Magistrate Judge Wilkerson's credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations"). Moreover, Plaintiff suffered serious and debilitating injuries as a result of the attack that took place on October 5, 2012, and these injuries resulted in invasive medical procedures, an extensive hospital stay, and significant post-hospital care. Plaintiff had significant facial and cranial injuries as well as a severe brain injury. He had a total of twenty metal plates and eighty screws installed in his face. In light of Plaintiff's extensive head injuries, it is very plausible that Plaintiff did not discover his failure to protect claim until he regained his memory. The Court agrees with Magistrate Judge Wilkerson that the submission of the grievance to the ARB was sufficient, the grievance was filed as soon as possible, the grievance included as much detail as possible, and the grievance was consistent with the Illinois Administrative Code. ILL. ADMIN. CODE. TIT. 20, § 504.810(a).

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 67), and **DENIES** Defendants' Motion for Summary Judgment (Doc. 55).

IT IS SO ORDERED.

DATED:   September 25, 2015

s/ Nancy J. Rosenstengel_____
NANCY J. ROSENSTENGEL
United States District Judge